IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARTURO DELGADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File |
| vs. | ) No. _____ |
| | ) |
| GEORGIA HALAL MEAT & | ) |
| CATERING INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Arturo Delgado, by and through counsel, files this Complaint against Defendant Georgia Halal Meat & Catering Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

Plaintiff alleges as follows:

### PARTIES

1. Plaintiff Arturo Delgado is a resident of Georgia in this judicial district and division.

2. Defendant Georgia Halal Meat & Catering Inc. ("Defendant" or "Georgia Halal") is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 77 Norton Ave, Acworth, GA 30101.

3. Defendant's registered agent for service of process is Ahmed Hussain Momin, 77 Nortan Ave, Acworth, GA 30101.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391.  Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## COVERAGE UNDER THE FLSA

6. The relevant period for this lawsuit is approximately March 2020 through December 2020.

7. Plaintiff was employed by Defendant during the relevant period.

8. At all relevant times, Plaintiff was an "employee" of Defendant and covered under the FLSA, 29 U.S.C. §§ 201 *et seq*.

9. At all relevant times, Defendant was the "employer" of Plaintiff.

10. At all relevant times, Defendant had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

11. At all relevant times, Defendant was an enterprise with annual gross

volume of sales made or business done of not less than $500,000.00.

## FACTS

12. Defendant owns and operates a butcher shop and restaurant called Georgia Halal Meat located at 1707 Church St, Decatur, GA 30033 (the "Restaurant"). The Restaurant had annual gross volume of sales made or business done of not less than $500,000.00 during all relevant time periods.

13. Plaintiff began his employment with Defendant in approximately March 2020.

14. Plaintiff was employed as a meat cutter.

15. Plaintiff's employment with Defendant ended in approximately December 2020.

16. At all relevant times, Plaintiff was a non-exempt employee of Defendant and was promised a wage of $17.00 per hour for each hour worked as a meat cutter.

17. While Plaintiff's schedule varied from week to week, Plaintiff routinely worked in excess of forty (40) hours per workweek.

18. Defendant maintained records of hours that Plaintiff worked.

19. Plaintiff's job duties included, but were not limited to, handling, deboning, trimming, tying, grinding, or tenderizing cuts of meat, packaging,

weighing, labeling, and pricing meat for sale.

20. In performing his job duties for Defendant, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

21. In performing his job duties for Defendant, Plaintiff did not direct or supervise the work of any employees.

22. In performing his job duties for Defendant, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

23. In performing his job duties for Defendant, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

24. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

25. Plaintiff was denied overtime wages by Defendant while working at the Restaurant.

26. At all times throughout the relevant period, Plaintiff was paid a flat rate for all hours worked, including but not limited to all hours worked in excess of forty (40) hours per workweek.

27. Defendant willfully refused to pay Plaintiff properly for overtime compensation as required by federal law.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

28. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

29. At all times during the relevant period, Defendant was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30. Plaintiff regularly worked in excess of forty (40) hours per workweek during the relevant period of employment.

31. At all times during the relevant period, Defendant employed Plaintiff within the meaning of the FLSA.

32. At all times during the relevant period, Defendant had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked in excess of forty (40) hours per workweek.

33. As a result of Defendant's willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, Defendant violated the FLSA, 29 U.S.C. §§

207(a)(1) and 215(a).

34. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of unpaid compensation for overtime wages to Plaintiff;

B. An award of all liquidated damages for unpaid overtime wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this January 28, 2021.

             **HALL & LAMPROS, LLP**

             /s/ *Gordon Van Remmen*
             Gordon Van Remmen
             Ga. Bar # 215512
             Brittany A. Barto
             Ga. Bar # 501673

400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiffs*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.